Judge Marshall
delivered the Opinion of the Court.
This was an action of assumpsit, brought by Broadwell',. the assignee, against Perrin, the assignor, of a note; and tlie-principal question which we shall notice, is, whether Broadwell had used due diligence in prosecuting suit, against the obligor.
The note bore date the 11th day of December, 1828,. and was due twelve months after date.
It was- proved by the plaintiff’s witness, that the note-was indorsed in blank, by the defendant, a few weeks; after its date, and that he, the- witness, long afterwards, filled up the indorsement. The assignment, as filled up, bears date the 24-th of February, 1830» Suit was. brought against the maker of the note, on the 25th of February, 1830 — the 27th being the last day on which the process could be executed, so as to authorize a judgment at the succeeding March term of the Circuit Court for the county of Plarrison, in which the parties resided-. The process was not executed until the 5th of March, and consequently, the judgment was not obtained until the June term following, after which a fieri facias was issued, and returned ‘no property’ &c. To explain why the process was not executed in time fpr the first Court, the plaintiff proved by the attorney who had brought *597 the suit, that on the day on which the suit was brought, the maker of the note was at his factory in Cynthiana; but he, the witness, found out afterwards that he had gone off.
The diligence to be used by an assignee requires, not only that hashail sue to the first Court to which he can sue, but that he shall try to guard against the casualties which may prevent a judg’t at the first term. If he unnecessarily omits to bring suit until the time of service is nearly out, and then, in consequence of the debtor’s absence, the process is not served in time, the laches will preclude his ultimate resort to. the assignor.
The date of art assignment upon a note or bond, is not conclusive evidence of the time when the assignment was. in fact made: the true time may be shown by parol testimony.
If the note had in fact been assigned on the 24th of February, 1830, a suit commenced by the assignee on the succeeding day, would have been in due time, and there being no.negligence on his part, he would not, under the circumstances,'have been chargeable with the failure to execute the process in time for the first Court. But if the note was assigned before it was due, the assignee had it in his power to commence suit in December, January or February, so as to ensure a judgment at the first term; and no reason being shown for not bringing suit until but two or three days were left for the timely service of process, he can claim no benefit from the fact that the process might still have been executed in time, if the maker of the note had not, just at that period, been unexpectedly absent from town. It was his duty to have instituted hi's suit at an earlier day, and in failing to do so, without any good 'reason shown for it, he has failed to use that due -and proper diligence which is required on the part of an assignee, before he can render his assignor liable upon the assignment. Thomas vs. Taylor &c. 2. J. J. Marshall, 218.
It follows, that the jury were bound to find a verdict-for the defendant, on the ground of want of due diligence on the part of the plaintiff, unless they disbelieved the witness of the plaintiff, as to the time when the note was actually assigned by the indorsement of the defendant. And it is equally clear, that the Court had no right to determine for the jury that, that evidence was not to he believed, nor to assume that the apparent date of the assignment was conclusive evidence of the time when it was made. The Court, therefore, erred, to the serious prejudice of the defendant, in instructing the jury, that the record (of the suit and proceedings against the maker of the note,) and the facts proved by the attorney (as above stated,) were evidence that the plaintiff had prosecuted the maker of the note to insol *598 Vency by due diligence. And for this error, if there were no other, the judgment must be reversed.
A debtor signs and delivers to iiis creditor, a note payable to a third person; the creditor, holds the note until after it is due-, when the debtor procures thepayee’s indorsement in blank upon it: though this Indorsement may have been made for the purpose of securing the payment, as it was made without consideration, it imposes no liability upon the indorser, unless it was made in pursuance of an agreement by which forbearance of the debt was procured.
It is necessary, however, to notice some other questions which are made in the present record, and which may arise again, if further proceedings are had in the ease.
The maker of the note appears to have been indebted to the plaintiff Broadwell, for money loaned before the date of the note, which seems to have been executed for the purpose of securing the payment of this debt with its interest, at the rate oí fifteen per cent, per annum, in twelve months. By arrangement between the maker of the note and Broadwell; to which the defendant Perrin was no party, he being absent out of the state, the note was made payable to the defendant but delivered immediately to Broadwell. After the return of the defendant to the state, it was taken to him by the maker, indorsed by him in blank, and returned to Broadwell. Whether the indorsement in blank was made for any other purpose than merely to pass the title of the note to Broadwell, is one of the controverted facts in the case, upon which it is unnecessary that we should give any opinion. But it is proper to say, that if, as is alleged in the declaration, and seems to have been supposed by the Court in the instruction which has been noticed, the indorsement was actually made on the 24th of February, or at any other time after the note became due, though it may have been indorsed for the purpose of securing the payment of the debt from the maker to Broadwell, the assignment was without consideration, an'd the assignor therefore was not liable upon it, unless it was made in pursuance of a previous or present agreement, whereby forbearance of the debt was procured. Tested by this position, the fifth and sixth counts of the declaration were bad, and should have been so adjudged upon the plaintiff’s demurrer. On the same principle, the first instruction given as asked for by the plaintiff, is erroneous; and so much of the third instruction as states, without qualification, that the assignment in this case, without further proof, is evidence of consideration, was calculated to mislead the jury, as there was *599 other proof in this case, which placed the question of consideration on a different ground.
For these errors, the judgment is reversed, and the cause remanded for a new trial, to be had on principles not inconsistent with this opinion.